ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF OKLAHOMA, *et al.*,

    *Petitioners*,

    v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and Lee Zeldin, Administrator of the U.S. Environmental Protection Agency,

    *Respondents*.

Case No. 24-1125
(consolidated with No. 14-1127)

**UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold these consolidated cases in abeyance (with status reports every 90 days) while EPA undertakes a new rulemaking to reassess elements of the underlying rule challenged here. Undersigned counsel has conferred with counsel for all parties. Petitioners do not oppose the motion. Intervenors take no position on the motion. Thus, the motion is unopposed.

    1.    Petitioners seek review of an EPA action titled, "Accidental Release Prevention Requirements: Risk Management Programs Under the Clean Air Act;

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

Safer Communities by Chemical Accident Prevention," published at 89 Fed. Reg. 17,622 (March 11, 2024) ("Final Rule"). The Final Rule was issued under the Clean Air Act's Risk Management Program provision, which is designed to prevent and reduce the risk of accidental releases of hazardous chemicals. *See* 42 U.S.C. § 7412(r)(7).

2. As detailed in the attached Declaration of Steven Cook, Deputy Assistant Administrator of EPA's Office of Land and Emergency Management, EPA intends to undertake a new notice-and-comment rulemaking to reassess the requirements in the Final Rule in light of the new Administration's policy priorities. Cook Decl. ¶ 9. EPA intends to complete this rulemaking as expeditiously as practicable and aims to publish a Final Rule in late 2026. Cook Decl. ¶ 11.

3. A further abeyance of these consolidated cases is warranted to allow time for EPA to undertake its rulemaking. To apprise the parties and the Court of EPA's progress, EPA proposes filing status reports at 90-day intervals during the abeyance period.

4. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

2

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change

---

[2] In this and the following citations, the first ECF citation refers to the Court's Order and the second ECF citation refers to EPA's motion for a stay or abeyance.

of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Abeyance would also preserve resources of the parties and the Court. It is possible that EPA's new rulemaking could obviate the need for judicial resolution of some or all of the disputed issues in these cases. *See* Cook Decl. ¶ 10. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

8. For these reasons, the Court should place this matter in abeyance, with a requirement for EPA to file status reports at 90-day intervals during the abeyance period.

                                                        Respectfully submitted,

DATED: March 6, 2025                    ADAM R.F. GUSTAFSON
                                                        *Deputy Assistant Attorney General*

*s/ Andrew S. Coghlan*
ANDREW S. COGHLAN
SARAH IZFAR
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 202-514-9275
(202) 305-0490
Andrew.Coghlan@usdoj.gov
Sarah.izfar@usdoj.gov
Counsel for Respondents EPA and
Lee Zeldin, EPA Administrator

## CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 808 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

On March 6, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.


Dated: March 6, 2025                           Respectfully submitted,

                                               s/*Andrew S. Coghlan*
                                               ANDREW S. COGHLAN
                                               *Counsel for Respondents*