**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| STATE OF Oklahoma,<br>*et al.*,<br><br>  *Petitioners*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br><br>  *Respondents*. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 24-1125<br>)  and consolidated cases<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>DECLARATION OF STEVEN COOK</u>

I, Steven Cook, under penalty of perjury, affirm and declare that the following statements are true and correct to the best of my knowledge and belief, and are based on my own personal knowledge or on information contained in the records of the United States Environmental Protection Agency (EPA) or supplied to me by EPA employees under my supervision.

1.      I am Deputy Assistant Administrator for the United States Environmental Protection Agency Office of Land and Emergency Management (OLEM), which is located at 1200 Pennsylvania Avenue, NW, Washington, D.C. 20460.

2.      OLEM is the EPA headquarters-based unit with primary responsibility for administration of the Risk Management Program (RMP), which requires regulated entities to take steps to prevent the accidental release of regulated substances and minimize the consequences of any such release. *See* 40 C.F.R. Part 68. As the Deputy Assistant Administrator for OLEM, I serve as the principal advisor to the Administrator of EPA on matters pertaining to the RMP, and I am responsible for managing

this program, including program policy development and evaluation; program policy guidance and overview; and technical support and evaluation of regional RMP activities.

3.      As part of my duties as Deputy Assistant Administrator of OLEM, I oversee the development and implementation of actions, regulations, policy, and guidance associated with the RMP under Section 112(r) of the Clean Air Act (CAA), 42 U.S.C. § 7412(r).

4.      This declaration is filed in support of EPA's motion for an abeyance in *State of Oklahoma et al. v. EPA*, No. 24-1125 (D.C. Cir.) and consolidated cases.

RMP Background

5.      CAA Section 112(r), 42 U.S.C. 7412(r), requires EPA to publish regulations and guidance for chemical accident prevention at facilities that have present specifically-identified "regulated substances" that pose the greatest risk of harm from accidental releases. As described in Section 112(r)(7)(A), "the Administrator is authorized to promulgate release prevention, detection, and correction requirements which may include monitoring, record-keeping, reporting, training, vapor recovery, secondary containment, and other design, equipment, work practice, and operational requirements." Regulations promulgated under Section 112(r)(7)(B) require owners or operators of stationary sources at which "a regulated substance is present in more than a threshold quantity to prepare and implement a risk management plan to detect and prevent or minimize accidental releases of such substances from the stationary source, and to provide a prompt emergency response to any such releases."

6.      In March 2024, EPA revised the RMP regulations through a final rule entitled "Accidental Release Prevention Requirements: Risk Management Programs under the Clean Air Act; Safer Communities by Chemical Accident Prevention." 87 Fed. Reg. 17,622 (March 11, 2024) (the "2024 rule").

7.      The 2024 rule included several changes and amplifications to the accident prevention program requirements, the emergency preparedness requirements, and the public availability of chemical hazard information. *See id.* at 17,622.

New RMP Rulemaking

8.      As the Court is aware, a new administration took office on January 20, 2025.

9.      In light of the new administration's priorities, EPA intends to initiate a new rulemaking to reconsider the current RMP requirements, pursuant to the CAA, which would include a public notice and comment process with respect to the proposed action.

10.     The new rulemaking may obviate the need for judicial resolution of some or all of the disputed issues in this case.

11.     EPA intends to undertake this rulemaking as expeditiously as practicable. Based on currently available information, EPA's goal is to publish a Final Rule in late 2026.

12.     A continued abeyance of the 2024 rule would allow EPA to expeditiously complete a new rulemaking without having to devote resources to litigation that may be rendered moot.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March, 2025.

Steven Cook
Deputy Assistant Administrator
Office of Land and Emergency Management
United States Environmental Protection Agency